UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AISSATOU TASFIR DIALLO,

                  Petitioner,

v.

KEVIN RAYCRAFT et al.,

                  Respondents.

_____/

Case No. 1:26-cv-1674

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying Petitioner bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)[1]

---

[1] When Petitioner initiated this action, Petitioner also filed several motions asking the Court to take certain actions during the pendency of this action and asking the Court to order Respondents to take certain actions during the pendency of this action. (ECF Nos. 2, 3, 4, 5, 6, 7.) In this opinion, the Court resolves this action. Therefore, Petitioner's motions asking the Court to take certain actions during the pendency of this action and asking the Court to order Respondents to take certain actions during the pendency of this action are moot.

In an Order entered on June 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 11.) Respondents filed their response and a recording of the March 13, 2026, bond hearing on June 4, 2026. (Resp., ECF No. 12; Recording of Mar. 13, 2026, Bond Hearing, filed on June 4, 2026.) Petitioner filed a reply on June 6, 2026, (ECF No. 13).

## II.    Relevant Factual Background

On February 21, 2026, Petitioner filed a § 2241 petition challenging her detention following an order issued by the Detroit Immigration Court denying Petitioner bond in *Tasfir Diallo v. Raycraft* (*Tasfir Diallo II*), No. 1:26-cv-589 (W.D. Mich.).[2] In *Tasfir Diallo II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Tasfir Diallo II*, (W.D. Mich. Mar. 9, 2026), (ECF Nos. 7, 8). On March 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Mar. 13, 2026, Order Immigration Judge, ECF No. 1-4.) At the conclusion of the March 13, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond because "[t]he government has proven by clear and convincing evidence that [Petitioner] is a flight risk." (*Id.*, PageID.23.)

---

[2] Prior to filing *Tasfir Diallo II*, Petitioner had filed a § 2241 petition challenging her initial detention without a bond hearing, which the Court had conditionally granted. *See Tasfir Diallo v. Raycraft*, No. 1:26-cv-260 (W.D. Mich. 2026).

### III.     Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not properly apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 13, 2026. (Pet., ECF No. 1); *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 15, 2026                         /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

3